GREENAN, PEFFER, SALLANDER & LALLY LLP
JOHN MAKIN (SBN 88853)
  jmakin@gpsllp.com
NELSON HSIEH (SBN 177128)
  nhsieh@gpsllp.com
CHIP B. COX (SBN 159681)
  chipc@gpsllp.com
2000 Crow Canyon Place, Suite 380 380
San Ramon, CA 94583
Telephone:  925.866.1000 (Main)
            925.498.2411 (Direct)
Facsimile:  925.830.8787

DAVID H. TOPOL (*pro hac vice* to be filed)
  dtopol@wiley.law
MATTHEW W. BEATO (*pro hac vice* to be filed)
  mbeato@wiley.law
KATELYN B. CRAMP (*pro hac vice* to be filed)
  kcramp@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Telephone:  (202) 719-7518

Attorneys for Defendants
NORTH AMERICAN CAPACITY INSURANCE COMPANY
and PELEUS INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULLSTORY, INC.,<br><br>               Plaintiff,<br><br>     v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, PELEUS INSURANCE COMPANY, COALITION, INC., COALITION INSURANCE SOLUTIONS, INC., and DOES 1 through 5<br><br>               Defendant. | Case No.<br>Assigned to:<br><br>[State Court Case No. 22STCV29834]<br><br>**DEFENDANTS NORTH AMERICAN CAPACITY INSURANCE COMPANY AND PELEUS INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(B) [DIVERSITY]** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants, North American Capacity Insurance Company ("Swiss Re") and Peleus Insurance Company ("Peleus") hereby remove Case No. 22STCV29834

from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California. The grounds for removal are as follows:

## I. BACKGROUND

1. Plaintiff Fullstory, Inc. ("Plaintiff" or "Fullstory") brought this action against Swiss Re, Peleus, Coalition, Inc. ("Coalition"), and Coalition Insurance Solutions, Inc. ("CIS" and together with Swiss Re, Peleus, and Coalition, "Defendants") in the Superior Court of the State of California, County of Los Angeles County, by filing a Complaint on September 12, 2022, which was docketed as Case No. 22STCV29834, alleging that Defendants are contractually obligated to provide insurance coverage in connection with civil proceedings captioned as:

- *Sofoian v. General Nutrition Corp.*, C.A. No. 2:20cv10586 (C.D. Cal.);
- *Johnson v. Blue Nile, Inc.*, C.A. No. 3:20cv8183 (N.D. Cal.);
- *Graham v. Noom, Inc.*, C.A. No. 3:20cv6903 (N.D. Cal.);
- *Saleh v. Hudson's Bay Co.*, C.A. No. 2:20cv9095 (C.D. Cal.);
- *Holden v. Found Health, Inc.*, C.A. No. 2:20cv1988 (E.D. Cal.);
- *Saleh v. Nike, Inc.*, C.A. No. 2:20cv9581 (C.D. Cal.)

(the "Underlying Actions").

2. Plaintiff served a copy of the Complaint on Swiss Re and Peleus on September 19, 2022. A copy of the Summons, Complaint, Civil Case Cover Sheet, etc. as served on Peleus is attached as **Exhibit A**. A copy of the Summons, Complaint, Civil Case Cover Sheet, etc. as served on Swiss Re is attached as **Exhibit B.**

3. The basis for removal is diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), United States District Courts have jurisdiction over all actions where the matter in controversy is in excess of $75,000, exclusive of interest and costs, and where the action is between citizens of different states. As explained more fully below, this is an insurance coverage action. Defendants Swiss Re and Peleus, on the one hand, and Plaintiff, on the other, are the sole parties to the insurance contract giving rise to the subject litigation. Nonetheless, Plaintiff has named defendants

1  Coalition and CIS as additional defendants despite the fact that they are not parties to
2  the policy and have no obligations arising from it. There is complete diversity of
3  citizenship between Plaintiff, as a citizen of Delaware and defendants Swiss Re,
4  Peleus, and CIS, as citizens of New Hampshire, Virginia, and California respectively.
5  Defendant Coalition is, like Plaintiff, a citizen of Delaware. However, because
6  defendants Coalition and CIS cannot be held liable under any of the causes of action
7  asserted by Plaintiff, they have been fraudulently joined, and their citizenship
8  therefore must be disregarded for purposes of determining diversity jurisdiction. For
9  the same reason, as discussed more fully below, 28 U.S.C. § 1441(b)(2) is not a barrier
10 to removal as neither Defendant has been "*properly joined* and served" in this matter.
11 *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

## II. THE PARTIES ARE COMPLETELY DIVERSE.

4. This Court has original jurisdiction of this action because it is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, under 28 U.S.C. §1332. Thus, removal is proper under 28 U.S.C. §§1441(a), (b) and 28 U.S.C §1446.

5. Based on its own allegations in the Complaint, Plaintiff FullStory is a Delaware corporation with its principal place of business in Atlanta, Georgia. *See also* **Exhibits A & B**, Compl. ¶ 1. Accordingly, under 28 U.S.C. 1332(c)(1), Plaintiff is a citizen of Delaware and Georgia.

6. Swiss Re is a corporation organized under the laws of New Hampshire with its principal place of business in New Hampshire. Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant Swiss Re is a citizen of New Hampshire.

7. Peleus is a corporation organized under the laws of Virginia with its principal place of business in Virginia. Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant Peleus is a citizen of Virginia.

/ / /

/ / /

8. Defendant CIS is, upon information and belief, a California corporation with its principal place of business in California. According to the allegations of the Complaint, CIS is a citizen of California. **Exhibits A & B**, Compl. ¶ 2.

9. Defendant Coalition is, upon information and belief, a Delaware corporation with its principal place of business in California. The Complaint alleges that Coalition is solely a citizen of Delaware. *Id.*

10. The Complaint generally alleges that a cyber insurance policy, No. C-4LQK-067610 issued by Swiss Re and Peleus to Fullstory for the policy period of June 24, 2020 to June 24, 2021 (the "Policy") affords certain coverage for the Underlying Actions. **Exhibits A & B**, Compl. ¶¶ 9-10, 15, 26; Ex. A.

11. The Policy was issued by CIS on behalf of Swiss Re and Peleus. **Exhibits A & B**, Compl., Ex. A; Declaration of Kirsten Mickelson ("Mickelson Decl.") ¶ 4. Coalition is the parent company of CIS. *Id.*

12. The Policy provides that Swiss Re is obligated to pay 51% of the $5 million of liability for covered amounts, totaling $2,550,000. **Exhibits A & B**, Compl., Ex. A.

13. The Policy provides that Peleus is obligated to pay 49% of the $5 million limit of liability for covered amounts, totaling $2,450,000. **Exhibits A & B**, Compl., Ex. A.

14. The Policy does not name CIS or Coalition as an insurer and does not require either CIS or Coalition to pay any portion of the $5 million limit of liability. **Exhibits A & B**, Compl., Ex. A; Mickelson Decl. ¶¶ 5-6.

15. Coalition and CIS are not parties to the insurance contract at issue and thus have no obligation or duty to Plaintiff arising out of said insurance contract. **Exhibits A & B**, Compl., Ex. A; Mickelson Decl. ¶¶ 5-6.

16. Plaintiff does not include particularized allegations regarding Coalition or CIS in its complaint. However, as noted, the Policy attached to Plaintiff's complaint plainly provides that Swiss Re and Peleus (and not Coalition or CIS) are

the only parties to the Policy.  Further, Exhibit D to Plaintiff's complaint demonstrates that Swiss Re and Peleus were responsible for handling Plaintiff's claim for coverage.  **Exhibits A & B**, Compl., Ex. D; *see also* Mickelson Decl. ¶ 7.

17. Swiss Re, a citizen of Virginia, and Peleus, a citizen of New Hampshire, are completely diverse from Plaintiff, a citizen of Delaware and Georgia.

18. Therefore, although the Complaint as pled does not reflect complete diversity between the parties, complete diversity exists because Coalition and CIS were fraudulently joined as defendants and their citizenship should be disregarded.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

19. The amount in controversy exceeds $75,000, exclusive of interest and costs.  FullStory seeks damages for insurance coverage in connection with the Underlying Actions.  *See* **Exhibits A & B**, Compl. ¶¶ 13-15.  FullStory seeks defense expenses and indemnity coverage for a settlement in the Underlying Litigation, totaling $3,082,017.04.  **Exhibits A & B**, Compl., Ex. H.  In addition to this amount, FullStory seeks punitive damages.  **Exhibits A & B**, Compl. ¶¶ 54-55; Prayer for Relief ¶ 4.  Thus, the jurisdictional amount required under 28 U.S.C. § 1332 is satisfied.

20. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1) and 1441.

### IV. SWISS RE AND PELEUS HAVE COMPLIED WITH ALL REMOVAL REQUIREMENTS.

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it has been filed within thirty (30) days of service of the Summons and Complaint on Swiss Re and Peleus.

22. This action is properly removed to the United States District Court for the Central District of California because this matter was filed in the Superior Court of the State of California, County of Los Angeles, which lies within this District and

1 | Division. *See* 28 U.S.C. § 84(c)(2). A true and correct copy of the State Court docket
2 | is attached hereto as **Exhibit C.**
3 |   23. 28 U.S.C. § 1441(b)(2) provides that "A civil action otherwise removable
4 | solely on the basis of the jurisdiction under section 1332(a) of this title may not be
5 | removed if any of the parties in interest properly joined and served as defendants is a
6 | citizen of the State in which such action is brought." Neither CIS nor Coalition has
7 | any liability to Plaintiff under the Policy or otherwise for any cause of action alleged
8 | in the complaint. Accordingly, CIS and Coalition are not defendants "properly joined
9 | and served" in this litigation. Because the only defendants properly joined and served
10 | in this litigation—Swiss Re and Peleus—are not citizens of the State of California,
11 | this matter is removable under 28 U.S.C. § 1441(b)(2).
12 |   24. In accordance with 28 U.S.C. § 1446(a), attached as **Exhibit A** to the
13 | Notice of Removal are copies of all process, pleadings, and orders in this action that
14 | have been received by Swiss Re and Peleus.
15 |   25. A copy of this Notice of Removal also has been forwarded for filing with
16 | the Clerk of the Superior Court of the State of California, County of Los Angeles to
17 | effect removal of this action to the United States District Court for the Central District
18 | of California, Western Division pursuant to 28 U.S.C. § 1446(d).
19 | THEREFORE, having made all of the requirements for removal under 28 U.S.C. §§
20 | 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. §
21 | 1332, Swiss Re and Peleus give notice that they remove this case to the United States
22 | District Court for the Central District of California.
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

DATED:  October 7, 2022          Respectfully submitted,

GREENAN, PEFFER, SALLANDER & LALLY, LLP

   /s/ John Makin
_____
John Makin (SBN88853)
 jmakin@gpsllp.com
Nelson Hsieh (SBN 177128)
 nhshieh@gpsllp.com
Chip B. Cox (SBN 159681)
 chipc@gpsllp.com
GREENAN, PEFFE R, SALLANDER & LALLY LLP
2000 Crow Canyon Pl #380
San Ramon, CA 94583
Telephone: (925) 866-1000 (Main)
        (925) 498-2411 (Direct)
Facsimile: (925) 830-8787


WILEY REIN LLP

   /s/ Katelyn B. Cramp
_____
David H. Topol (*pro hac vice* to be filed)
 dtopol@wiley.law
Matthew W. Beato (*pro hac vice* to be filed)
 mbeato@wiley.law
Katelyn B. Cramp (*pro hac vice* to be filed)
 kcramp@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7518

*Attorneys for Defendants North American Capacity Insurance Company and Peleus Insurance Company*