E. Garrett Barlow
Zobrist Law Group
2075 Inglewood Drive
Charlottesville, Virginia 22901
T: (434) 977 9666
Attorney for Plaintiff
FULLSTORY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULLSTORY, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> NORTH AMERICAN CAPACITY INSURANCE COMPANY, PELEUS INSURANCE COMPANY, COALITION, INC., COALITION INSURANCE SOLUTIONS, INC., and DOES 1-5, inclusive, <br><br>  Defendants. | CV 2:22-cv-07344-GW (AS) <br><br> **AMENDED COMPLAINT FOR:** <br> 1) **BREACH OF CONTRACT;** <br> 2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> 3) **VIOLATIONS OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200;** <br> 4) **PUNITIVE DAMAGES.** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff FullStory, Inc., ("FullStory") alleges causes of action against Defendants North American Capacity Insurance Company ("NAC"), Peleus Insurance Company ("Peleus") Coalition, Inc. ("Coalition"), Coalition Insurance Solutions, Inc. ("Solutions"), and Does 1 through 5 as ("Does") (together as "Defendants") as follows:

## THE PARTIES

1. FullStory is a Delaware corporation with its principal place of business in Atlanta in the state of Georgia.

2. FullStory alleges upon information and belief that North American is a New Hampshire corporation, Peleus is a Virginia corporation, Coalition is a Delaware corporation,

and Solutions is a California corporation. DOES 1 through 5, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who, under California Code of Civil Procedure § 474, sues these Defendants under fictitious names. Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein.

3. The DOE Defendants are private individuals, associations, partnerships, corporations or otherwise that actively assisted and participated in the conduct alleged herein in ways that are currently unknown to Plaintiff. Some or all of the DOE Defendants may be residents of the State of California. Plaintiff may amend or seek to amend this Complaint to allege the true names, capacities and responsibilities of these DOE Defendants once they are ascertained, and to add additional fact and/or legal theories. Plaintiff makes all allegations contained in this Complaint against all Defendants, including DOES 1 through 5.

4. All defendants are authorized to transact and are transacting in the business of insurance in the State of California.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants under Cal. Civ. Proc. § 410.10 which states that a "court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Courts have held that a certain level of minimum contact with a forum state must exist for personal jurisdiction to be exercised. In this case, insurance coverage under the policy issued by Defendants (the "Policy"—defined in paragraph 9, *infra*) covered the entire United States and Defendants' duty under the Policy covered any civil litigation or claims occurring in any State, including California. Additionally, the Civil Litigation (defined in paragraph 13, *infra*) filed against FullStory in the Central, Eastern, and Northern Districts of California, was covered under the Policy and occurred in California.

6. Under the Policy Defendants were obligated to indemnify and defend Fullstory from the Civil Litigation, which stemmed from insured events. Defendants' failure to do so wrongfully breached their legal and contractual obligations to Fullstory. Defendant's actions were directed at Fullstory in California, where the underlying Civil Litigation was filed and where Defendants' were obligated to defend Fullstory under the Policy, and where Fullstory faced the risk of a large judgment. Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 914 (9th Cir. 1990).

7. This Court has personal jurisdiction over Defendants because under the Policy in the section titled "Service of Suit Endorsement" it states that "it is understood and agreed that in the event [Defendants] fail to pay any amount claimed to be due hereunder, [Defendants], at the request of [FullStory, Inc.] will submit to the jurisdiction of a court of competent jurisdiction within the United States of America." A true and correct copy of the Policy is attached hereto as **Exhibit A**.

8. Venue is proper in this Court pursuant to California Code of Civil Procedure, Section 395.5, because of Defendants' failure to indemnify and defend FullStory in litigation in this county as required by the Policy. This failure means that (i) this was the county where the contract was to be performed, (ii) this is the county where the obligation or liability arose, and (iii) this is the county where the breach occurred.

**GENERAL ALLEGATIONS**

9. Defendants issued an insurance policy with Policy Number C-4LQK-067610-CYBER-2020 ("the Policy") to FullStory. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

10. FullStory was covered by the Policy, without interruption, from June 24, 2020, through June 24, 2021.

11. In exchange for payment of the premiums, Defendants agreed to provide the insurance coverage described in the Policy.

12. FullStory timely paid all premiums due under the Policy, and Defendants accepted such premiums.

13. Starting in the fall of 2020, a series of claims with a common nexus of a series of related facts, circumstances, situations, events, transactions, or causes were filed against FullStory in civil lawsuits (the "Civil Litigation"), including in the following cases:

- Raffi Sofoian v. General Nutrition Corporation and Fullstory, Inc.,
- Susan Johnson v. Blue Nile, Inc. and Fullstory, Inc.,
- Audra Graham and Stacy Moise v. Noom, Inc. and Fullstory, Inc.,
- Burhaan Saleh v. Hudson's Bay Company and Fullstory, Inc.,
- James Holden v. Found Health, Inc and Fullstory, Inc.,
- Burhaan Saleh v. Nike, Inc. and Fullstory, Inc.,
- Kauffman v. Papa John's International, Inc.,
- Byars v. Macy's, Inc.,
- Hasson v. FullStory, Inc.,
- Jones v. Bloomingdales.com, LLC,
- Huber v. Lowe's Companies, Inc., and
- Licea v. Old Navy, LLC.

14. In the Civil Litigation, consumers alleged wiretaps had secretly recorded website visitors' keystrokes.

15. These claims brought against FullStory were covered claims under the Policy, and because they had a common nexus of a series of related facts, circumstances, situations, events,

transactions, or causes, under the Policy they constituted a single claim made against FullStory on the date the first such claim was made.

16. On or about October 7, 2020, FullStory submitted notice of a claim per the Policy. A true and correct copy of the claim submission email is attached hereto as **Exhibit B.**

17. On or about October 8, 2020, Defendants acknowledged receipt of notice of the claim submitted by FullStory. A true and correct copy of the confirmation email is attached hereto as **Exhibit C.**

18. Two weeks later, FullStory received a letter dated October 22, 2020, (the "First Letter"), where Defendants denied coverage citing to the Policy and the Civil Litigation as a basis. A true and correct copy of the First Letter is attached hereto as **Exhibit D**.

19. FullStory responded to the Defendants in a letter dated November 13, 2020, (the "Second Letter") where FullStory cited relevant portions of the Policy which clearly applied to FullStory's then ongoing litigation. In the Second Letter FullStory requested Defendants to promptly acknowledge coverage and to cover FullStory in the then ongoing litigation. A true and correct copy of the Second Letter is attached hereto as **Exhibit E**.

20. In a letter dated November 23, 2020, (the "Third Letter") Defendants responded again reaffirming their denial of coverage under the Policy, asserting that certain claims in the ongoing litigation had not been made and thus the Policy did not cover FullStory's insurance claim. A true and correct copy of the Third Letter is attached hereto as **Exhibit F**.

21. On January 31, 2022, FullStory reached an agreement with the underlying plaintiffs in some of the underlying litigation (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit G**.

22. In a letter dated April 19, 2022, (the "Fourth Letter"), FullStory notified the Defendants that the underlying plaintiffs reached an agreement to "fully and finally settle,

compromise, and resolve all the Plaintiff's claims" in their respective lawsuits "alleging that [FullStory] observed, accessed, recorded, acquired, disclosed, and transmitted [users'] personally identifiable information and other related electronic data and content . . . without the users' consent in violation of certain California privacy laws." A true and correct copy of the Fourth Letter is attached hereto as **Exhibit H**.

23. FullStory again reiterated their previous arguments and cited relevant portions of the Policy and underlying Civil Litigation including the Settlement Agreement which clearly showed Defendants' position was incorrect. *See* **Exhibit H**.

24. In the Fourth Letter, FullStory again demanded the Defendants withdraw their coverage denial and promptly confirm coverage and agree to pay the outstanding fees, costs, and damages per the Policy. *See* **Exhibit H**.

25. In a letter dated May 3, 2022, (the "Fifth Letter") Defendants responded again denying coverage. A true and correct copy of the Fifth Letter is attached hereto as **Exhibit I.**

26. Defendants have unreasonably refused to provide FullStory with the benefits due under the Policy.

## FIRST CAUSE OF ACTION
### (For Breach of Contract)

27. FullStory re-alleges and incorporates by reference all paragraphs above, as though fully set forth herein.

28. Prior to the Civil Litigation, FullStory obtained the Policy from Defendants, which was in full force and effect at the time of the Civil Litigation and through the time Defendants were notified of the claims.

29. FullStory paid the required premiums, and Defendants accepted timely paid premiums from FullStory on the Policy.

30. FullStory properly notified and submitted a claim to Defendants.

31. FullStory's claims were a covered loss under the Policy.

32. Defendants breached the terms of the Policy when they denied FullStory's claim.

33. Defendants' denial of FullStory's claim is not in accordance with the terms of the Policy and California Law.

34. As a direct and proximate result of Defendants' conduct and breach of contractual obligations, FullStory has suffered damages under the Policy in an amount to be determined according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court, plus pre-judgment interest pursuant to California Civil Code section 3289(b), and other foreseeable and consequential damages according to proof and in amounts to be determined at the time of trial.

35. Such damage to FullStory includes FullStory's inability to use for its business the money it had to pay defending and settling the underlying actions. Had defendants complied with their obligation to defend and indemnify FullStory in the underlying Civil Litigation, FullStory would not have had to use its own money to do so. The loss of these funds has damaged FullStory beyond just the amount of the lost funds.

36. FullStory is a small, fast-growing company, not a public company with access to public capital markets to finance its business. Thus, each time FullStory raises money it comes at a significant cost to its business because it has to sell off equity that will be more valuable than the cash it raises.

37. FullStory has a demonstrated track record of maintaining a high growth rate. When these lawsuits were filed and FullStory incurred the significant legal costs from Defendants' denial of coverage, FullStory had most recently raised a Series C round of financing in April 2019. In that Series C round, the company raised $32M at a valuation of $350M. In July 2021, FullStory raised its Series D round, at a valuation of $1.8 Billion. In 2 years, FullStory

used about $30M of investment capital to increase the total value of FullStory to $1.5B —a 50X return on investment (ROI).

38. Consistent with its growth history, if FullStory had not had to spend $2.8M of its own capital on the legal defense costs in 2020/2021 and had instead been able to invest that money into its business, that 50X ROI would have increased the value of FullStory an additional $150M.

## SECOND CAUSE OF ACTION
### (For Breach of the Implied Covenant of Good Faith and Fair Dealing)

39. FullStory re-alleges and incorporates by reference all paragraphs above, as though fully set forth herein.

40. Implied in the Policy is a covenant of good faith and fair dealing whereby Defendants promised and agreed to treat FullStory fairly and in good faith and to do nothing to unreasonably withhold the benefits due under the Policy.

41. FullStory paid the required premiums, and Defendants accepted timely paid premiums from FullStory on the Policy.

42. FullStory properly notified and submitted a claim to Defendants.

43. Defendants knew or in the exercise of good faith reasonably should have known that FullStory was legally entitled to recover the benefits under the Policy.

44. Defendants breached the implied covenant of good faith and fair dealing without limitation in the following way:

- By unreasonably refusing to meaningfully address FullStory's objections to Defendants' refusal to offer coverage. *See* **Exhibits B-I**.

- By unreasonably denying FullStory's claims for benefits under the Policy.

- Failing to defend FullStory against claims covered under the Policy.

- By failing to diligently pursue a thorough, fair, and objective investigation, in violation of California's Fair Claims Settlement Practices Regulations section 2695.7(d).

- By misrepresenting to FullStory pertinent facts or insurance policy provisions relating to any coverages at issue, in violation of Insurance Code Section 790.03(h)(1).

- By not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear, in violation of Insurance Code Section 790.03(h)(5).

- By failing to promptly provide a reasonable explanation of the basis relied on in the insurance Policy in relation to the facts or applicable law, for denial of a claim in violation of Insurance Code Section 790.03(h)(13).

- By unreasonably compelling FullStory to institute this action to obtain benefits due under the Policy; and other wrongful and illegal conduct to be proved at trial.

This conduct was unreasonable and without proper cause in light of the requirements that California law imposes on insurers and constitutes a tortious violation of the implied covenant of good faith and fair dealing.

45. Defendants breached the implied covenant of good faith and fair dealing by unreasonably and without proper cause acting in a manner that deprives FullStory of the benefits of the Policy.

46. As a proximate result of the unreasonable and bad-faith conduct of the Defendants, FullStory was compelled to, at its own expense, retain legal counsel to defend and ultimately settle the Civil Litigation, a benefit that was clearly covered under the Policy.

47. Defendants acted in a conscious disregard of FullStory's rights and interests, even after FullStory through its own retained counsel had settled the Civil Litigation filed against it at a favorable amount well below the maximum covered under the Policy, Defendants' continued to act willfully to deprive FullStory of the Policy benefits in favor of their own financial interests.

48. Defendants' conduct constitutes (1) malice, (2) oppression, or (3) fraud within the meaning of California Civil Code § 3294.  Accordingly, FullStory seeks an award of punitive

damages in an amount appropriate to punish past conduct and deter Defendants from continuing said conduct.

49. Defendants' conduct described herein was undertaken by the corporate Defendants' officers or managing agents, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents.

## THIRD CAUSE OF ACTION
**(For Violations of the Unfair Competition Law, Business and Professions Code § 17200)**

50. FullStory re-alleges and incorporates by reference all paragraphs above, as though fully set forth herein.

51. California's Unfair Competition Law (hereinafter "UCL"), Business and Professions Code § 1700 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Defendants' business acts and practices are unlawful, unfair, and in breach of the implied covenant of good faith and fair dealing and various statutes of the Insurance Code. Among their unlawful and unfair practices, Defendants knowingly and willfully committed the unfair claims settlement practices in responding to FullStory's claims, in violation of Cal. Ins. Code § 790.03 as alleged herein.

52. As a direct and proximate result of Defendants' violation of the Unfair Competition Law, FullStory has suffered and will continue to suffer injury related to defending and settling a claim for which FullStory is covered under an insurance policy paid for and purchased from Defendants.

53. Defendants' denial of FullStory's claim has been done with intent or conscious disregard for FullStory's rights, as demonstrated by the contracts and communications in the attached Exhibits.

### FOURTH CAUSE OF ACTION
### (Punitive Damages)

54. FullStory re-alleges and incorporates by reference all paragraphs above, as though fully set forth herein.

55. Punitive damages are available under California law to a policy holder if the policyholder proves by clear and convincing evidence that its insurer has been guilty of oppression, fraud, or malice in denying the policyholder's claim. Cal. Civ. Code § 3294(a). Malice "includes the willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Defendants' denial of FullStory's claim has been done knowingly, maliciously, and/or with reckless or callous disregard for FullStory's rights under the contracts, as demonstrated by the contracts and communications in the attached Exhibits.

### PRAYER FOR RELIEF

WHEREFORE, FullStory prays for the following relief:

1. For general damages in an amount to be determined at the time of trial;

2. For special damages in an amount to be determined at the time of trial;

3. For attorneys' fees, witness fees, expert fees, and costs of litigation incurred by FullStory to obtain insurance policy benefits in an amount according to proof;

4. For punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

5. For injunctive relief enjoining Defendants from engaging in any further unlawful, unfair, fraudulent, and discriminatory conduct;

6. For pre-judgment and post-judgment interest as permitted by law;

7. For costs of suit incurred herein;

8. For Judicial determination and declaration that FullStory has a duty to defend FullStory with respect to all of the Civil Litigation filed against FullStory pursuant to the terms of the Policy; and

9. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

FullStory hereby demands a trial by jury for all issues so triable.

Dated: January 27, 2023                    Respectfully submitted,

                                           Zobrist Law Group

                                           /s/ *E. Garrett Barlow*
                                           E. Garrett Barlow
                                           Zobrist Law Group
                                           2075 Inglewood Drive
                                           Charlottesville, Virginia 22901
                                           T: (434) 977 9666
                                           gbarlow@zoblaw.com

                                           *Attorney for Plaintiff FullStory, Inc.*