E. Garrett Barlow (Cal. SBN 296289)
Jedediah G. Brinton (admitted *pro hac vice*)
Zobrist Law Group PLLC
2075 Inglewood Drive
Charlottesville, Virginia 22901
T: (434) 977 9666
gbarlow@zoblaw.com
jbrinton@zoblaw.com

Robert F. Kull (Cal. SBN 069092)
KULL + HALL
1337 Ocean Avenue, Suite B
Santa Monica, CA 90401
rkull@kullhall.com

*Attorneys for Plaintiff FullStory, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULLSTORY, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, et al.,<br><br>                    Defendants. | CV 2:22-cv-07344-GW (AS)<br><br>Judge:  Hon. George H. Wu<br><br>**PLAINTIFF FULLSTORY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff FullStory, Inc. ("FullStory") submits the following statement of uncontroverted facts pursuant to L.R. 56-1 in support of its Motion for Partial Summary Judgment filed herewith.

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS**

## STATEMENT OF UNCONTROVERTED FACTS

1.      FullStory purchased insurance from Defendants (the "Insurers") under Policy Number C-4LQK-067610-CYBER-2020 (the "Policy"). *See* ECF No. 64-1.

2.      In the fall of 2020, three federal class action lawsuits ("Initial Lawsuits") were filed in California naming FullStory and three of FullStory's clients as defendants. *See* ECF No. 71-3 ("Noom Complaint"); ECF No. 71-4 ("FHI Complaint"); ECF No. 71-5 ("HBC Complaint").

3.      All three complaints alleged that FullStory (and its respective clients) violated "Plaintiffs' and class members' privacy rights" by "wiretapping the electronic communications of visitors to [the client's] website," using wiretaps embedded in the code of the website "to secretly observe and record website visitors' keystrokes, mouse clicks, and other electronic communications, including the entry of Personally Identifiable Information ('PII') and Protected Health Information ('PHI'), in real time." *See id.* ¶ 1.

4.      The Initial Lawsuits specifically allege that the named plaintiffs' "electronic communications," including the plaintiffs' e-mails, addresses, "and other PII … were intercepted in real time and were disclosed to [FullStory's client] and FullStory through the wiretap." *Id.* ¶ 4.

5.      Within days FullStory emailed Defendants, tendering the complaints from the Initial Lawsuits. ECF No. 64-2.

6.      Defendants responded a few weeks later, denying coverage and refusing to defend FullStory from the Initial Lawsuits. ECF No. 64-4 ("Denial Letter").

7.      Defendants' Denial Letter provided no indication that Defendants had performed any kind of factual investigation prior to deciding to deny coverage. *See id.*

8.      Indeed, Defendants did no independent investigation before writing the Denial Letter. *See* Ex. 1, Spiehs Deposition, 127:22 - 129:24; 149:9-19.

9.      Similarly, Defendants are unaware of any other insurance that would cover defense and/or indemnification the Underlying Lawsuits. *See id.*, 157:21–158:17.

10.     Defendants' only reason in the Denial Letter as to why the Initial Lawsuits were not covered under the data breach provision of Insuring Agreement A was "because the complaints do not allege any acquisition, access, theft or disclosure of personally identifiable information." *Id.* at 3.

11.     But the Denial Letter did not address or even mention the definition of "personally identifiable information" from the Policy. *Id.*

12.     Defendants' only stated reason for not covering the Initial Lawsuits under Insuring Agreement C was "because the complaints do not allege that FullStory gathered, communicated, reproduced, published, disseminated, displayed, released, transmitted or disclosed media content." *Id.*

13.     Although the Denial Letter block-quoted the definition of "media content," it did not mention or apply that definition in its analysis. *Id.*

14.     Because Defendants denied coverage of the Initial Lawsuits and refused to defend, FullStory was required to directly bear the ongoing costs of defending and resolving those lawsuits and all similar lawsuits filed thereafter. *Id.*

15.     After Defendants sent the Denial Letter, FullStory and its customers were sued in several more privacy class actions that were just like the Initial Lawsuits. These lawsuits for which FullStory is seeking compensation in this case[1] are:

    a.  *Saleh v. Nike, Inc.*, ECF No. 71-6

    b.  *Johnson v. Blue Nile, Inc.*, ECF No. 71-7

    c.  *Castro v. Nike, Inc.*, ECF No. 72-5

    d.  *Sofoian v. General Nutrition Corporation*, ECF No. 71-8

---

[1] There are other such lawsuits, including lawsuits mentioned in earlier filings in this case, for which FullStory is not seeking compensation here.

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS**

3

    e.  *Byers v. Macy's, Inc.*, ECF No. 71-10

    f.  *Licea v. Old Navy, LLC*, ECF No. 71-12

    g.  *Hasson v. FullStory, Inc.*, ECF No. 71-9

    h.  *Huber v. Lowe's Companies, Inc.*, ECF No. 71-11

    i.  *Kauffman v. Lowe's Home Centers, LLC*, ECF No. 72-8

    j.  *Kauffman v. Papa John's International, Inc.*, ECF No. 71-13

    k.  *Jones v. Bloomingdales.com, LLC*, ECF No. 71-14

    l.  *Bateman v. Bloomingdale's, Inc.*, Ex. 2

    m. *Nasir v. Papa John's International, Inc.*, Ex. 3

    n.  *Rosenthal v. Bloomingdale's, Inc.*, Ex. 4

    o.  *Schnur v. Papa John's International, Inc.*, Ex. 5

    p.  *Vonbergen v. Bloomingdales.com, LLC*, Ex. 6

    q.  *Curd v. Papa John's International, Inc.*, Ex. 7

    r.  *Thomas v. Papa John's International, Inc.*, Ex. 8

    s.  *Doe v. Hey Favor, Inc.*, Ex. 9

    t.  *Jones v. Papa John's International, Inc.*, Ex. 10

    u.  *Daghaly v. Bloomindales.com, LLC*, Ex. 11

    v.  *Hernandez v. Bloomingdale's, Inc.*, Ex. 12

    w.  *Mikulsky v. Bloomingdale's, LLC*, Ex. 13

16.    These later lawsuits and the Initial Lawsuits (together, the "Underlying Lawsuits") share a common nexus, including allegations of privacy violations committed via the use of FullStory's session replay software in order to intercept electronic communications on the websites of FullStory's clients. *See generally* Exs. 5-16; ECF No. 71-3 – ECF No. 71-14; ECF No. 72-5; ECF No. 72-8.

17.    FullStory customers named as defendants in the Underlying Lawsuits have demanded that FullStory indemnify and defend them from the Underlying

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS**

4

Lawsuits. *See* Ex. 14 (some attachments to indemnity demands omitted or shortened to reduce size of file).

18.    Shortly after receiving the Denial Letter, FullStory wrote a response encouraging the Insurers to change their position and defend. *See* ECF No. 64-5.

19.    Defendants denied coverage again. *See* ECF No. 64-6 ("Second Denial Letter").

20.    After resolving several cases, FullStory tried again to get Defendants to change their mind about coverage, this time through counsel. ECF No. 64-8.

21.    Defendants responded, through counsel, again denying any coverage. *See* ECF No. 64-9 ("Third Denial Letter").

22.    Defendants have never provided any defense or indemnity in any of the Underlying Lawsuits.

23.    FullStory hired the law firm Covington & Burling LLP ("Covington") to defend the Underlying Lawsuits.

24.    Covington has billed FullStory attorneys' fees and expenses defending the Underlying Lawsuits. The invoices and these exact amounts will be submitted later.

25.    FullStory has paid to settle the following Underlying Lawsuits:

   a.    *Saleh v. Nike, Inc.*

   b.    *Johnson v. Blue Nile, Inc.*

   c.    *Castro v. Nike, Inc.*

   d.    *Huber v. Lowe's Companies, Inc.*

   e.    *Kauffman v. Lowe's Home Centers, LLC*

*See* Ex. 15; *see also* Ex. 16.

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS**

5

Dated: August 10, 2023                  Respectfully submitted,


                                        Zobrist Law Group

                                        */s/ Jedediah G. Brinton*
                                        Jedediah G. Brinton
                                        Zobrist Law Group
                                        1455 Pennsylvania Ave, N.W.
                                        Ste. 400
                                        Washington, D.C. 20004
                                        jbrinton@zoblaw.com

                                        *Attorneys for Plaintiff*


### Certificate of Service

I certify that on August 10, 2023, I filed the foregoing with the Court's electronic filing system which transmitted it to all counsel of record.

Dated: August 10, 2023                  */s/ Jedediah G. Brinton*
                                        Jedediah G. Brinton

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS**

6